IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ALVARO CARRAZA ECHEVERRIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 322-082 |
| ) | |
| WARDEN, USP ATLANTA, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner filed the above-captioned petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, while incarcerated at McRae Correctional Institute. Respondent moves to dismiss the petition, (doc. no. 8), and Petitioner opposes the motion, (doc. no. 9). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

I.  BACKGROUND

On May 18, 2007, state law enforcement officials arrested Petitioner in Pickens County, Georgia, which ultimately led to his conviction for trafficking methamphetamine and marijuana in Case Number 2007SUCR566. (Doc. no. 8-1, McEvoy Decl. ¶ 5 & Attach. 3.) On November 28, 2007, the superior court sentenced Petitioner to a term of thirty years and five years of imprisonment, respectively. (McEvoy Decl. ¶ 5 & Attach. 3.) While serving his state sentence, the United States Marshal temporarily removed Petitioner from

state custody on May 29, 2012, pursuant to a federal writ of habeas corpus *ad prosequendum*, to answer federal drug trafficking charges indicted in <u>United States v. Echeverria</u>, 1:12-CR-153 (N.D. Ga. May 18, 2011).  (McEvoy Decl. ¶ 7 & Attachs. 4, 5.)

Petitioner pleaded guilty to one count of Conspiracy to Possess with Intent to Distribute at least 500 grams of Methamphetamine, and on April 24, 2013, United States District Judge Orinda D. Evans sentenced Petitioner to 252 months in federal prison. (McEvoy Decl. ¶ 8 & Attach. 6.)  Judge Evans ordered Petitioner's federal sentence to run concurrently to the sentence imposed in Case Number 2007SUCR566 in Pickens County Superior Court.  (<u>Id.</u>)  The United States Marshal returned Petitioner to the custody of the Georgia Department of Corrections on April 30, 2013.  (McEvoy Decl. ¶ 9 & Attach. 5.) When Petitioner completed his state sentence in in Case Number 2007SUCR566 on January 18, 2017, the United States Marshal Service took custody of Petitioner for service of his federal sentence.  (McEvoy Decl. ¶ 10 & Attachs. 5 & 7.)

On April 10, 2018, Judge Evans reduced Petitioner's sentence from 252 to 240 months in prison.  (McEvoy Decl. ¶ 11 & Attach. 8.)  The Bureau of Prisons ("BOP") prepared a sentence computation based on Petitioner's 240-month sentence, starting on the day his federal sentence was imposed, April 24, 2013.  (McEvoy Decl. ¶ 12 & Attach. 1.) Petitioner did not receive any prior credit time on his federal sentence, meaning he did not receive any credit for the time from May 29, 2012, through the date of his federal sentencing on April 24, 2013, when he was in the temporary custody of the United States Marshal

pursuant to a federal writ of habeas corpus *ad prosequendum*. (McEvoy Decl. ¶ 14 & Attach. 1.)

Petitioner does not report seeking relief through the BOP administrative grievance procedure and maintains he is not required to do so.[1] (Doc. no. 1, p. 2; doc. no. 9, p. 2.) Petitioner now seeks federal habeas corpus relief, requesting credit against his federal sentence for the time he was in the temporary custody of the United States Marshal pursuant to a federal writ of habeas corpus *ad prosequendum*. Respondent moves to dismiss the petition, arguing the time Petitioner seeks was credited against his state sentence and crediting the time against his federal Petitioner's sentence would amount to an award of double credit in violation of 18 U.S.C. § 3585(b). (See generally doc. no. 8.)

## II.   DISCUSSION

### A.   Procedure for Computing a Federal Sentence

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585 and Program Statement ("PS") 5880.28 of the Sentence Computation Manual (CCCA of 1984). The relevant portion of 18 U.S.C. § 3585 provides as follows:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

---

[1] Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016) (*per curiam*); Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015). Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Santiago-Lugo, 785 F.3d at 474-75. However, "a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. at 475 (citation omitted). Here, Respondent did not raise exhaustion in his motion to dismiss, so the Court will address the merits of Petitioner's claim even though he appears to concede he has not exhausted administrative remedies.

>    (1) as a result of the offense for which the sentence was imposed; or
>
>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This code section establishes two principles of sentence crediting. First, to qualify for a credit, the defendant must have served the time as a result of either the offense underlying the sentence or an offense for which the defendant was arrested after commission of the underlying offense. 18 U.S.C. § 3585(b)(1)-(2).

Second, under no circumstances may a defendant receive double credit for time served prior to sentencing. Section 3585 expresses this principle in two ways, first by providing that a defendant shall receive credit for "any time he has spent in official detention prior to the date the sentence commences." Id. § 3585(b). A defendant must therefore receive credit equal to, but not more or less than, the time in detention prior to sentencing. Section 3585 also provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence." Id. In sum, when read together, these components of § 3585 provide that one day in presentence detention equals one day of credit that can be applied only once.

"In enacting section 3585(b), 'Congress made clear that a defendant could not receive a double credit for his detention time.'" Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (per curiam) (citing United States v. Wilson, 503 U.S. 329, 336-37 (1992)). PS 5880.28 similarly provides that "[c]redit will be given for time spent in official detention as a direct result of the federal offense for which the federal sentence was imposed

4

. . . provided it has not been credited against another sentence." PS 5580.28, pp. 1-16, *available at* www.bop.gov/policy/progstat/5880_028.pdf (last visited Nov. 17, 2022). The Supreme Court has instructed lower courts that this PS is entitled to at least "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995).

As explained below, Petitioner's federal sentence commenced the day he was sentenced by Judge Evans, and he has received all prior custody credit he is due for the time spent incarcerated prior to imposition of his federal sentence.

### B.     Commencement of Petitioner's Federal Sentence

The Court starts it analysis with a determination of "the date the sentence commences." According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody, awaiting transportation to . . . the official detention facility at which the sentence is to be served." Importantly, "a federal sentence cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served." Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)[2]). As to the meaning of "concurrent," the Eleventh Circuit has "concluded that where a petitioner's second conviction is ordered to run 'concurrent' with the undischarged term of imprisonment from a related first conviction, the second sentence cannot be applied retroactively." DiVito v. Wells, 3:11-CV-005, 2011 WL 5844495 at *4 (S.D. Ga. Oct. 18, 2011) (citing Coloma, 445 F.3d at 1284 & omitting footnote), *adopted by*, 2011 WL 5854944 (S.D. Ga. Nov. 21, 2011).

---

[2]The Eleventh Circuit adopted as binding precedent all opinions handed down by the former Fifth Circuit prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

In practice, that means "a sentence cannot begin before the date it is pronounced, 'even if made concurrent with a sentence already being served.'" Lopez-Palomeque v. Stone, No. CV 313-088, 2014 WL 3366044, at *3 (S.D. Ga. July 9, 2014) (quoting Rey, 359 F. App'x at 90) (Bowen, J.); see also PS 5880. 28 at 1-13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.").

Here, Petitioner was sentenced in Pickens County Superior Court on November 28, 2007, for Case Number 2007SUCR566. While serving that state sentence, federal authorities "borrowed" Petitioner from the state's primary custody by virtue of a writ of habeas corpus *ad prosequendum* so that Petitioner could answer federal charges, resulting in Judge Evans imposing a 252-month sentence, to run concurrently with the state sentence, on April 24, 2013.[3] (McEvoy Decl. ¶¶ 7-8 & Attach. 1.) Because Petitioner's federal sentence "cannot begin prior to the date" it was pronounced by Judge Evans, the Court concludes Petitioner's federal sentence commenced on April 24, 2013, and the Court turns its attention to the request for prior custody credit starting for the time preceding imposition of sentence by Judge Evans.

C. **The Credit Petitioner Seeks Applies to His State Sentence, Not His Federal Sentence**

Even though Petitioner concedes he received credit for the challenged time period on his state sentence, (doc. no. 1, p. 3; doc. no. 9, pp. 3, 4), Petitioner asks the Court to award him prior custody credit for the approximately eleven months in was in the custody of federal officials, specifically, the time in which the United States Marshal temporarily removed

---

[3]As explained above, the initial 252-month sentence was reduced to 240 months on April 10, 2018. (McEvoy Decl. ¶ 11 & Attach. 8.)

Petitioner from state custody pursuant to a federal writ of habeas corpus *ad prosequendum*. (See generally doc. no. 1; McEvoy Decl. ¶¶ 4, 7 & Attach. 5.)  However, because 18 U.S.C. § 3585 provides that a defendant is ineligible for a credit to the extent time in detention has "been credited against another sentence," as discussed below, Petitioner is not entitled to credit on his federal sentence.

Under § 3585(b), time credited to Petitioner's state sentence cannot be credited again to his federal sentence.  See Wilson, 503 U.S. at 337; Shepherd v. Warden, USP-Atlanta, 683 F. App'x 854, 855 (11th Cir. 2017) (*per curiam*) (applying Wilson and finding § 2241 petitioner not entitled to federal credit for time previously credited to state sentence). Respondent provides a declaration from Jon McEvoy, a BOP management analyst in the area of inmate sentence computation, stating the period of time for which Petitioner seeks credit has already been credited against Petitioner's state sentence.  (McEvoy Decl. ¶ 4.)  Petitioner also concedes he has received credit for the challenged period on his state sentence, repeatedly arguing that if he is not granted relief on the instant federal petition, "these 11 months that [I] was in Federal Custody pending trial will be credited solely against [my] State sentence."  (Doc. no. 1, p. 3; doc. no. 9, pp. 3, 4.)  As there is no dispute Petitioner received credit on his now-completed state sentence in Case Number 2007SUCR566, Petitioner is not entitled to credit against his federal sentence for that same time period that preceded imposition of his federal sentence on April 24, 2013.  See Miramontes v. Stone, No. CV 315-061, 2015 WL 9916716, at *2 (S.D. Ga. Nov. 20, 2015) ("[U]nder no circumstances may a defendant receive double credit for time served prior to sentencing." (Bowen, J.).)

Petitioner's claim he is entitled to credit for the time the United States Marshal "borrowed" him to answer his federal charge is without merit, not only because that time was credited against his state sentence, but also because Petitioner never left the primary custody of state officials. "[W]hen the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum,* the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence. Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011) (*per curiam*) (citing Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)). The writ is "only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Causey, 621 F.2d at 693. Accordingly, although the United States Marshal temporarily removed Petitioner from state custody on a "loan" pursuant to a federal writ of habeas corpus *ad prosequendum* to answer the federal charges on May 29, 2012, the state's custody was never interrupted. See Butler, 451 F. App'x at 812; see also Castro v. Stone, No. CV 321-077, 2022 WL 1217450, at *3 (S.D. Ga. Mar. 25, 2022) (same), *adopted by*, 2022 WL 1215653 (S.D. Ga. Apr. 25, 2022) (Bowen, J.). Thus, Petitioner is not entitled to credit on his federal sentence for the time he was "on loan" from state authorities while serving his state sentence.

Because the time Petitioner seeks was credited against his state sentence in Case Number 2007SUCR566, he is not entitled to double credit for that time on his federal sentence imposed by Judge Evans. See Wilson, 503 U.S. at 337; Shepherd, 683 F. App'x at 855. Therefore, he is not entitled to any additional credit on the federal sentence he is now

serving, and Respondent's motion to dismiss should be granted.[4]

### III.   CONCLUSION

For the reasons set forth above, Petitioner has not shown the calculation of his sentence is in violation of the Constitution, laws, or treaties of the United States as is required to obtain relief under 28 U.S.C. § 2241.  Accordingly, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 8), the petition be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 18th day of November, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4]Because Petitioner's federal sentence cannot commence before it is imposed, a prisoner cannot receive double credit for time applied to another sentence, and the state's custody of Petitioner was never interrupted while he was borrowed on the federal writ, the Court need not address Petitioner's remaining, meritless contention that application of the Sentencing Guidelines in determining the sentence imposed by Judge Evans should result in the Court granting him relief on his petition.